### MEAGHER v. CAMPBELL.

(City Court of New York, General Term. January 12, 1895.)

ATTACHMENT—CHOSE IN ACTION.
    Where the proceeds of property sold for the owner by an auctioneer are deposited by him in bank, with his other moneys, they thereby become only a chose in action, and are not the subject of attachment against the owner.

Appeal from trial term.

Action by Ellen Meagher against John W. Campbell. From a judgment entered by the direction of the court, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and CONLAN, JJ.

Jeroloman & Arrowsmith, for plaintiff.
Geo. W. McAdam, for defendant.

CONLAN, J. This action was brought by the assignee of Elizabeth Burke, to recover the sum of $145. The evidence shows that about the 12th day of February, 1892, the assignor, Elizabeth Burke, placed with the defendant (who was an auctioneer) a quantity of furniture to be sold for her. It further appears that the property was sold on the 14th, then instant, for the sum of $413; also, that on the 24th the defendant paid to the said Elizabeth Burke $186, at the same time claiming that his fees were $82, leaving a balance in his hands of $145, which forms the subject-matter of this action. It further appears that the said Elizabeth Burke, on the 25th day of February, assigned this claim to her sister, Ellen Meagher, the present plaintiff. It further appears on the part of the defendant that one Mr. Stewart had a claim against the assignor, Elizabeth Burke,

for rent; and that on the 20th day of February an attachment was issued out of the Third district court of the city of New York; and that on said day one James McCauley, then a marshal of said city, pursuant to the requisition contained in said attachment, levied upon the sum of $145, produced to him, and then being in the possession of the defendant, and said by him to be the money of the assignor, Elizabeth Burke, and took a receipt therefor. It also appears that on the 1st day of March, following, the said Stewart obtained a judgment in said attachment suit against the said Elizabeth Burke; and on the 3d day of March said sum of $145 was paid over to the marshal, and his receipt taken therefor.

No question arises as to the regularity of the attachment proceedings, and the only question presented for review is whether or not the money in the hands of the defendant was the money of the said assignor, and, as such, attachable by her creditors, or a chose in action in the hands of the defendant, and not the subject of attachment or levy on execution. The defendant testified that he put the entire proceeds of the sale of furniture in the safe, where it remained until the 24th day of February, when he took out $186 for the said Burke, and $82 for himself, as expenses, leaving $145, or the amount attached, in his safe. If there was no dispute as to this testimony, the attachment proceedings would have afforded the defendant a perfect defense, and the complaint should have been dismissed. The assignor was called as a witness, and testified that the defendant told her he had the money in bank. The witness Arrowsmith testifies that, on either the 26th or 27th of February, he had a conversation with the defendant, in which he asked the defendant where the money was, and he answered that it was in bank. This testimony presented a fair question of fact. If the proceeds of the sale were placed in a bank, where they mingled with other moneys, their identity would be lost, and they would then become only a credit or chose in action, and, as such, not the subject of attachment. Crock. Sher. § 457; Carroll v. Cone, 40 Barb. 220.

At the conclusion of the trial, both plaintiff and defendant moved for a direction, thereby making the trial justice sole judge of the facts, and, as the case turned upon a disputed question of fact, we do not feel warranted in disturbing the judgment. Affirmed, with costs. All concur.